# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| **JOHN FOLOWELL** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| VS. | § | Case No. 4:10cv664 |
| | § | |
| **CITY OF SULPHUR SPRINGS, TEXAS,** | § | |
| and **JOHNNY VANCE, Individually** | § | |
| | § | |
| **Defendants.** | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

In this case, Plaintiff has alleged violations of the right to privacy, due process of law and "taking" under the Fifth Amendment to the United States Constitution. Plaintiff asserts that Defendants committed an act rising to the degree of a taking or "inverse condemnation" of Plaintiff's property, without consent, just compensation, or even actual notice thereof. Defendants removed the matter to this Court arguing that Plaintiff's "taking" claims were sufficient to confer federal question jurisdiction. Having reviewed the record herein, the Court finds that because Plaintiff's federal takings claim is not ripe, removal on the basis of federal question jurisdiction was improper and the case should be remanded.

A federal takings claim is not ripe until the claimant has sought compensation through the procedures the state has provided. *Williamson County Reg'l Planning Comm'n v. Hamilton Bank*, 473 U.S. 172, 194 (1985). It is well-established that "a takings claim is not ripe until (1) the relevant governmental unit has reached a final decision as to what will be done with the property and (2) the [claimant] has sought compensation through whatever adequate procedure the state provides." *Sandy Creek Investors, Ltd. v. City of Jonestown*, 325 F.3d 623, 626 (5th Cir. 2003).

Texas provides a remedy for Plaintiff to pursue. *VRC, LLC v. City of Dallas,* 391 F. Supp. 2d 437, 439-40 (N.D. Tex. 2005). Texas recognizes a cause of action for inverse condemnation when property is directly restricted, and that "a state's [remedial] procedure is adequate even though its law is unsettled whether the claimant would be entitled to compensation." *Rolf v. City of San Antonio*, 77 F.3d 823, 826-27 (5th Cir. 1996). Where property is condemned for code violations such is a taking for public use, and the owner may be entitled to bring an inverse condemnation claim. *Patel v. City of Everman*, 179 S.W.3d 1 (Tex. App. - Tyler 2004, pet. denied). Fifth Circuit precedent makes it clear that just compensation must be pursued unsuccessfully before a party can bring a federal takings claim. *Milliken*, 2002 WL 31059802 (citing *John Corp. v. City of Houston*, 214 F.3d 573, 581; *Rolf*, 77 F.3d at 826-27). Inadequate procedures are those that "almost certainly not justly compensate the claimant...it must be certain that the state would deny the claimant compensation were he to undertake the obviously futile act of seeking it." *Samaad v. City of Dallas*, 940 F.2d 925, 934 (5th Cir. 1991).

There is nothing to indicate that pursuing state remedies here would be futile. Furthermore, there has been no determination about the adequacy of the state remedy as to Plaintiff because of this untimely removal. Plaintiff has not unsuccessfully pursued just compensation in state court, thus the claim is not ripe, and there is no federal question. In the end analysis, Plaintiff's claims rest on a taking without just compensation. The claims are simply not ripe for the Court's review at this time.

Federal district courts are of limited jurisdiction and may hear only those cases authorized by a federal statute, the Constitution, or U.S. treaty. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed.2d 391 (1994); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). A court is required to strictly construe the removal statute in favor of remand

and against removal.  28 U.S.C. § 1447; *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007). When there is no subject-matter jurisdiction, remand is mandatory.  28 U.S.C. § 1447(c).  In this case, the Court is compelled to remand it on its own initiative.  28 U.S.C. § 1447(c); *see American Nat. Ins. Co. v. Travelers Cas. and Sur. Co.*, 8 F. Supp.2d 938, 939 (S.D. Tex.1998) ("if the lawsuit has come before the Court *via* removal, upon determining that subject matter jurisdiction is lacking, the Court's only recourse is remand.").

## RECOMMENDATION

Based upon the foregoing, the Court RECOMMENDS that the above titled and numbered cause of action be REMANDED to the 62nd District Court of Hopkins County, Texas.

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge.  28 U.S.C.A. § 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice.  *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 267-77 (5th Cir. 1988).

**SIGNED this 1st day of March, 2011.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE